SOUTHERN COTTON OIL CO. *v.* GOBER.

(In Banc. March 23, 1942.)

[6 So. (2d) 919. No. 34898.]

730

Clark & Clark and **J. D. Finch**, all of Iuka, for appellant.

**W. C. Sweat,** of Corinth, for appellee.

Argued orally by **T. A. Clark,** for appellant, and by W. C. Sweat, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a decree sustaining the petition of the appellee, Mrs. Lima Gober, widow and sole heir-at-law of S. H. Gober, deceased, for an award to her of the sum of $1,000 representing the proceeds of a fire insurance policy collected by her as administratrix of his estate on certain households goods which had been previously destroyed by fire, and for which the claim against the insurance company was pending at the death of the said

S. H. Gober; and also asking that a certain note which was signed by the said S. H. Gober and his wife, Mrs. Lima Gober, for the principal sum of $2,400 due the T. F. Hinton estate, and secured by a deed of trust on real property at Florence, Alabama, but which writings were executed at Corinth, Mississippi, as recited therein, and as shown by the probate thereof against the estate of S. H. Gober, deceased, be held to be the debt of said S. H. Gober alone, and payable out of the assets of his estate, insofar as the same are sufficient for that purpose, instead of the appellee being required to pay the same individually, in order to protect from sale the property at Florence, Alabama, on which the Hinton estate still holds the deed of trust as security for the payment of said indebtedness, and which real property is now owned by the appellee.

At the time of S. H. Gober's death he and the appellee were not living together; but the proof discloses that sometime prior to their separation, she applied to a local insurance agent for the $1,000 policy on the household goods as her own, that this request was made in the presence of her husband, and that she paid the insurance premium. When the policy was delivered to her by the agent, she made complaint that it was payable to her husband; but she was advised by the agent that it was customary that such a policy be payable to the husband. Then, a year later, when the policy was renewed, she paid the premium, and again raised the issue as to whether or not it should be payable to her; and it is shown that the only reason the policy was not payable to her was the fact that the agent advised her that it was unnecessary. Objection was made to the testimony of the agent as to what the appellee said to him in the presence of her husband when she requested him to issue the insurance "on her household goods."

We are of the opinion that this testimony was competent to show that she was asserting ownership and exercising control over the property with the acquies-

cence and approval of her husband in his lifetime. Donovan v. Selinas et al., 85 Vt. 80, 81 A. 235, Ann. Cas. 1915D 645; Ford et al. v. American Home Fire Ins. Co., 192 Miss. 277, 5 So. (2d) 416.

Under all of the circumstances we are unable to say that the chancellor's finding of fact was manifestly wrong in holding that the household goods belonged to the wife, and that she was entitled to the insurance collected thereon.

The appellants, as creditors of the estate, also challenged in their answer to the petition of the appellee her alleged right to have the $2,400 note declared to be the sole debt of S. H. Gober, deceased; and the proof disclosed, without dispute, that the real property at Florence, Alabama, was conveyed to S. H. Gober and Lima Gober by T. M. Rogers and wife on December 21, 1934; that T. F. Hinton, now deceased, began advancing money to the Gobers on January 31, 1935, for use in paying for the construction of a residence on his property, and continued to make such advances by check each month, from January to June, 1935, inclusive, amounting to the sum of $5,357.10, the first of which said checks was for the sum of $1,000, payable to "Mr. and Mrs. S. H. Gober," and the remainder of them to the said S. H. Gober; that beginning in July, 1935, the appellee, Mrs. Lima Gober, made monthly payments to the said T. F. Hinton from July 8, 1935, to April 20, 1938, inclusive, as shown by her personal checks in his favor, aggregating the total sum of $4,071.66; that in addition to the above mentioned checks, she transferred and assigned unto the said T. F. Hinton, on January 24, 1938, certain deferred payment notes aggregating $1,960 and representing the balance then due on the purchase price of certain real estate which she had sold to one Lloyd Ray, at Red Bay, Alabama; that these assigned notes were later paid to the said T. F. Hinton, or to his estate, after his death; that it is unknown whether or not the said T. F. Hinton advanced more than the said sum of $5,357.10 (represented by the

cancelled checks found among his effects after his death), with which to pay for the residence on the Florence, Alabama, property, belonging to the Gobers, but the proof did disclose that the note and deed of trust now in question, which were executed as a renewal of some former indebtedness, the evidence of which could not be located or accounted for, were executed on March 14, 1938, as a renewal for a balance of $2,400, "for cash advanced to buy the following property" (describing the property at Florence, Alabama), and that the appellee, Mrs. Gober, had paid the sum of $4,452.20, to the said T. F. Hinton, including the $1,960 worth of deferred purchase money notes of Lloyd Ray, assigned to said Hinton by the appellee, prior to the execution of the said $2,400 note and deed of trust; and that thereafter she paid to the said T. F. Hinton the sum of $1,500 on March 24, 1938, and $79.46 on April 20, 1938, as shown by her personal checks, introduced in evidence, making a total of $6,031.66 in payments by checks and assigned notes.

In other words, the proof clearly establishes the fact that from the time the residence was completed on the property at Florence, Alabama, the title to which was being held by S. H. Gober and Lima Gober, as aforesaid, the indebtedness in favor of the said T. F. Hinton seems to have been dealt with as that of Mrs. Gober, since she immediately began making the monthly payments thereon with her own personal checks, and continued to do so in the manner hereinbefore set forth, at a time when she owned other property, and was earning a regular income, and while her husband was insolvent. Moreover, on July 6, 1939, the husband, who had paid nothing on the indebtedness to Hinton, conveyed to the wife whatever interest he had in the property at Florence, Alabama, for "$10.00 and other valuable considerations."

The appellee invokes section 8272, Alabama Code of 1923, Code Ala. 1940, Tit. 34, sec. 74, which provides that, "The wife shall not, directly or indirectly, become a surety for the husband." She contends that, neverthe-

less, she was a mere surety for her husband in regard to this indebtedness. But without regard to the Alabama statute, and the decisions of the Supreme Court of that state, the fact remains that the liability of the wife on the $2,400 note in question is governed by the laws of Mississippi, since the note was executed at Corinth, Mississippi, as recited on the face thereof, and the estate of the said T. F. Hinton is entitled to collect the said note from either or both of the signers thereof, and is entitled to recourse against the property described in the deed of trust securing the same, and should be required to resort to said security for the payment thereof, the same being more than ample for that purpose, before looking to the assets of the estate of the said S. H. Gober, deceased, to the prejudice of the appellants as unsecured creditors of the said estate, which is admittedly insolvent. This is especially true since the appellee has acquired the fee simple title to the property at Florence, Alabama, which was improved by the funds advanced by the said T. F. Hinton, and so acquired such title for "$10.00 and other valuable consideration," and failed to meet the burden resting upon her to show that in equity and good conscience the estate of her deceased husband should pay the said indebtedness, as being his debt, and not her own.

The only circumstance disclosed by the record that would tend to show that S. H. Gober ever regarded the indebtedness to T. F. Hinton as his own responsibility at any time after the completion of the residence on the property, is the fact that on one occasion, after the death of Hinton, he asked one of the executors of his estate to forego for the time being the collection of certain interest then due, and requested that the executor not let Mrs. Gober know that it had not been paid. Whether she had furnished him the money to pay the interest and he had failed to use it for that purpose, does not appear from the evidence.

We do not think that the foregoing circumstance, and the fact that S. H. Gober applied to Hinton, in the first

instance, for the loan to build the residence on the common property, were sufficient to support a finding that the indebtedness incurred, and which the wife immediately began paying off in monthly installments, as aforesaid, was the debt of the husband alone. Certainly not, in view of the fact that he later conveyed his interest in the same to her at a time when the title remained encumbered with the indebtedness, and he was insolvent and not living with her.

The decree will therefore be affirmed wherein it awards to the appellee the proceeds of the $1,000 fire insurance policy on the household goods; and will be reversed wherein it declares the $2,400 note to be the indebtedness of S. H. Gober alone, and authorizes its payment out of the assets of his estate, to the prejudice of the unsecured creditors thereof, instead of requiring the holder of said note first to resort to the security thereon.

Affirmed in part, reversed in part, and remanded.